IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN MACK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0064 |
| | § | |
| WARDEN R. CRITES, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Mack, a state inmate proceeding *pro se* and *in forma pauperis*, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. The threshold question is whether plaintiff's claims should be dismissed as frivolous for failure to state a claim. The Court concludes that this lawsuit fails to state a claim, and should be dismissed for the reasons that follow.

**I.    Claims**

Plaintiff claims that while he was housed at the Connelly Unit, members of two prison gangs threatened him after he refused to repay them money he owed. Upon his transfer to the McConnell Unit on June 28, 2005, he noticed several gang members, and filed a life endangerment claim. He asserts that no action was taken on the life endangerment claim, and that on July 12, 2005, he was attacked by gang members. Plaintiff states that following the attack, he was placed in protective custody. He raises Eighth Amendment claims against prison officials for failing to protect him from the attack, and seeks compensation for physical and mental pain and suffering.

## II.     Analysis

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

To assert an Eighth Amendment claim against prison officials for failure to protect, an inmate must establish that the officials were deliberately indifferent to his incarceration under conditions posing a substantial risk of serious harm. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). The inmate also must allege a resulting physical injury that is more than *de minimus* in nature. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff has submitted copies of his relevant medical records, which show that on July 13, 2005, he sustained a one centimeter (0.39 inch) superficial cut to his left upper outer eyelid during an inmate altercation. Nursing staff cleaned the cut, and he was returned to his cell. A follow-up medical examination the next day revealed facial bruising and no fractures. He was treated with ibuprofen and released. Plaintiff acknowledges that following the altercation, he was placed in protective custody.

This Court does not condone prison gang activity or altercations among inmates. However, plaintiff's own records show that any injury he received in the altercation was not more than *de minimus*. The bruising and minor cut are insufficient to support an Eighth Amendment failure to protect claim for which relief can be granted, and this lawsuit is

subject to dismissal. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

### III. Conclusion

This lawsuit fails to state a claim for which relief can be granted, and is **DISMISSED** pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to proceed *in forma pauperis* has been granted by separate order. Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 13the day of February, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE